﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 191212-53681
DATE: January 30, 2020

ORDER

Service connection for supraventricular arrhythmia (claimed as heart condition) is denied.

FINDING OF FACT

The Veteran’s supraventricular arrhythmia onset years after service and has not been linked to his military service, to include any exposures therein, by competent evidence.

CONCLUSION OF LAW

The criteria for service connection for arrhythmia, to include as due to exposure to herbicide agents, have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309. 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran served on active duty from June 1967 to April 1969.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In December 2019, the Veteran submitted VA Form 10-182, Decision Review Request: Board Appeal (Notice of Disagreement), which reflects that he selected the direct review option by a Veterans Law Judge. A January 2020 Board letter notified the Veteran that his appeal was placed on the Direct Review docket.

The Veteran is current seeking service connection for a heart condition, to include as secondary to herbicide exposure during his military service. VA has conceded herbicide exposure during the Veteran’s military service as his military personnel records reflect he was stationed in Vietnam.

Service connection may be granted for a disability that results from a disease or injury incurred in or aggravated by service, or is proximately due to or the result of service-connected disease or injury. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303 (a), 3.310. Additionally, where a veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as cardiovascular-renal disease, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Finally, the law provides a presumption of service connection for certain diseases associated with exposure to herbicide agents that become manifest to a degree of 10 percent or more at any time after service. 38 U.S.C. § 1116 ; 38 C.F.R. §§ 3.307 , 3.309. 

However, arrhythmia is not included on the list of diseases presumptively related to exposure to herbicides. Nevertheless, a veteran is not precluded from establishing service connection with proof of direct causation. See Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994).

Here, the Veteran argues that he developed an arrhythmia and high blood pressure after serving in Vietnam. However, he gave no indication when the arrhythmia actually developed and a review of the private treatment records suggests that the onset was around 2005, a number of years after the Veteran separated from service. 

Moreover, service treatment records show that the Veteran’s heart was found to be normal on his separation physical and the Veteran specifically denied any heart problems at that time, despite marking several other abnormalities on the medical history survey completed in conjunction with his separation physical. The Veteran’s notations of disabilities on the survey suggests that he performed more than a cursory review of the document and had he been experiencing heart problems at that time, one would have expected him to report them.

The Veteran has not presented any evidence that would link his arrhythmia to his military service, and a VA examiner found it was not the result of the Veteran military service.

Accordingly, service connection for arrhythmia is denied.

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Yoo, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.